UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN FEDERATION OF LABOR AND CONGRESS OF INDUSTRIAL ORGANIZATIONS<br>815 Sixteenth Street, N.W.<br>Washington, D.C. 20006,<br><br>           Plaintiff,<br><br>      v.<br><br>SERVICE EMPLOYEES INTERNATIONAL UNION<br>1800 Massachusetts Ave., N.W.<br>Washington, D.C. 20036,<br><br>           Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

1.   This is an action under Section 301 of the Labor Management Relations Act to enforce a contract between two labor organizations.  Plaintiff American Federation of Labor and Congress of Industrial Organizations ("AFL-CIO" or "Federation") seeks a judgment against Defendant Service Employees International Union ("SEIU") for its failure to remit to the AFL-CIO per capita tax payments that SEIU is obligated to pay pursuant to the AFL-CIO Constitution, to which SEIU, as an affiliate of the AFL-CIO, was bound.

JURISDICTION AND VENUE

2.   This court has jurisdiction pursuant to Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185(a).  This court also has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337.

3. Venue is proper in this judicial district under 29 U.S.C. §§ 185(a) and 185(c) and 28 U.S.C. § 1391(b). Defendant SEIU maintains its principal office within the District of Columbia and the events or omissions giving rise to the Plaintiff's claims occurred in this District.

## PARTIES

4. Plaintiff AFL-CIO is a labor organization within the meaning of Section 2(5) of the Labor Management Relations Act, 29 U.S.C. § 152(5), and is a voluntary federation of 52 national and international union affiliates representing over 9 million working women and men. The AFL-CIO's headquarters is located at 815 Sixteenth Street, N.W., Washington, D.C. 20006.

5. Defendant SEIU is a labor organization within the meaning of the Labor Management Relations Act, 29 U.S.C. § 152(5). SEIU's national headquarters is located at 1800 Massachusetts Avenue., N.W., Washington, D.C. 20036.

## FACTS

6. The AFL-CIO is governed by its Constitution. From the time of the formation of the AFL-CIO in 1955 until July 25, 2005, when the union disaffiliated, Defendant SEIU was an international union affiliate of the AFL-CIO, and as such, was obligated by the Constitution to "conform to [the AFL-CIO] constitution and the rules and regulations adopted thereunder." AFL-CIO Constitution, Article I.

7. Article XVI of the AFL-CIO Constitution, entitled "Per Capita Taxes and Assessments," provides in relevant part:

Section 1.  A per capita tax shall be paid upon the full paid-up membership of each affiliated national or international union, organizing committee and directly affiliated local union.

Section 2.  Beginning with per capita payments for the month of January 2001, each national or international union and organizing committee shall pay on or before the fifteenth day of each month, for the preceding month, a per capita tax of 53 cents per member per month.  Beginning with per capita payments for the month of July 2005, each national or international union and organizing committee shall pay on or before the fifteenth day of each month, for the preceding month, a per capita tax of 65 cents per member per month.

* * *

8. Article XVI, Section 5 of the AFL-CIO Constitution authorizes the convention or the Executive Council to order assessments on affiliated unions.  These assessments are collected and treated as regular per capita tax.  A special assessment of four cents per member per month was approved by the AFL-CIO General Board in March 2002, effective June 2002 to July 2005.  A separate and additional special assessment of four cents per member per month was approved by the AFL-CIO Executive Council in March 2004, effective July 2004.  This made the effective per capita tax rate for the period July 2002 to July 2004, 57 cents per member per month;  for the period July 2004 to June 2005, 61 cents per member per month; and 65 cents per member per month thereafter.

9. Defendant SEIU failed to make any per capita tax payments as required by the AFL-CIO Constitution for the months of March, April, May, June, and July 2005.

10. Based on the membership level on which SEIU had previously been making per capita tax payments, the total amount of unpaid per capita tax for these months is approximately $3,877,749.11.

11. On March 7, 2005, the Bureau of National Affairs (BNA) Daily Labor Report published an article which contained the following statement:

> "SEIU President Andrew Stern said . . . that his union's payments to the AFL-CIO do not reflect its total membership.  SEIU paid per capita on 1.4 million members, out of its 1.7 million members, and kept the rest for organizing, he told BNA."

12. On March 22, 2005, the AFL-CIO's Secretary-Treasurer, Richard L. Trumka, wrote to SEIU's Secretary-Treasurer, Anna Burger, and asked, in light of the BNA article, whether SEIU was in compliance with the AFL-CIO Constitution's requirement of per capita tax payment on an affiliate's "full paid-up membership," and if not, asking SEIU to provide "the number of members and length of time of any underpayment of per capita tax, and how SEIU proposes to remedy that underpayment."  Similar letters were sent by Secretary-Treasurer Trumka to SEIU on May 6, 2005 and July 11, 2005.

13. On April 26, 2005, SEIU Secretary-Treasurer Burger sent a letter to AFL-CIO Secretary-Treasurer Trumka.  Secretary-Treasurer Burger did not explain the discrepancy in per capita tax payments reflected in the BNA article or provide an accounting of SEIU's "full paid up membership" as requested.  Instead, Burger's letter simply attached a chart showing that SEIU's membership is at least 300,000

4

greater than that which it had been reporting to the AFL-CIO for purposes of its per capita tax payments.

14. SEIU has not remitted any additional per capita tax payments in response to Secretary-Treasurer Trumka's letters. As both the BNA article and SEIU's own documents show, SEIU has not been paying per capita tax on its "full paid up membership." As a result, in addition to the $3,877,749.11 in per capita tax that SEIU failed to pay for the months of March, April, May, June and July 2005, SEIU is in arrears to the AFL-CIO for approximately $6,211,125.32 in unpaid per capita tax for the period January 2002 – July 2005 (the time period between AFL-CIO Conventions).

15. On August 17, 2005, AFL-CIO President John Sweeney sent a letter to SEIU President Andrew Stern demanding payment of delinquent per capita taxes, and an accounting of SEIU's true membership figures for the period January 1, 2002 – July 25, 2005. The AFL-CIO has received neither payment of delinquent per capita taxes nor an accounting of membership from SEIU.

COUNT ONE

16. The Plaintiff hereby incorporates paragraphs 1 through 15 as if fully set forth and repeated in Count One.

17. The AFL-CIO Constitution constitutes a contract between the AFL-CIO and SEIU within the meaning of Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a).

18. By failing to remit any per capita tax payments to the AFL-CIO for the months of March – July 2005, SEIU has breached its contractual obligation to remit monthly per capita tax payments to the AFL-CIO on SEIU's "full paid-up membership."

## COUNT TWO

19. The Plaintiff hereby incorporates paragraphs 1 through 18 as if fully set forth and repeated in Count Two.

20. By failing to account for its true "full paid-up membership" and remit per capita payments based on its true "full paid-up membership," SEIU has breached its contractual obligation to remit monthly per capita tax payments to the AFL-CIO on SEIU's "full paid-up membership" for the period of January 2002 – July 2005.

## PRAYER FOR RELIEF

WHEREFORE, the AFL-CIO respectfully requests that this Court grant the following relief:

(a)   With respect to Count One:

  (i)   A declaratory judgment that Defendant SEIU's refusal to remit per capita payments for the months of March, April, May, June, and July 2005 constitutes a breach of the Constitution of the AFL-CIO;

  (ii)   Judgment against SEIU in the amount of three million, eight-hundred seventy-seven thousand, seven-hundred forty-nine dollars and eleven cents ($3,877,749.11), together with interest;

(b) With respect to Count Two:

    (i) A declaratory judgment that Defendant SEIU's failure to remit per capita payments based on its true "full paid-up membership" constitutes a breach of the Constitution of the AFL-CIO.

    (ii) Judgment against SEIU in the amount of six million, two-hundred eleven thousand, one-hundred twenty-five dollars and thirty-two cents ($6,211,125.32), together with interest;

    (iii) An Order requiring SEIU to provide immediately a full and accurate accounting of its membership for the period from January 2002 – July 25, 2005;

(c) Award plaintiff its attorneys fees and costs of this litigation; and

(d) Such other and further relief as the Court deems just and proper.


        s/Jonathan D. Newman
        _____
        Jonathan D. Newman (D.C. Bar No. 449141)
        SHERMAN, DUNN, COHEN, LEIFER & YELLIG, P.C.
        900 Seventh Street, N.W., Suite 1000
        Washington, D.C.  20001
        (202) 785-9300

        Jonathan P. Hiatt (D.C. Bar No. 427856)
        Lynn K. Rhinehart (D.C. Bar No. 450459)
        AFL-CIO
        815 16th Street, N.W.
        Washington, D.C. 20006
        (202) 637-5155